IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NASSER AZIMI,

Plaintiff,

v.

ARLENE ACKERMAN and SAN FRANCISCO UNIFIED SCHOOL DISTRICT,

Defendants
_____________________________________/

No. C-05-1655 MMC

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; VACATING HEARING**

(Docket No. 6)

Before the Court is the motion filed April 27, 2005 by defendants Arlene Ackerman ("Ackerman") and San Francisco Unified School District ("District") to dismiss plaintiff Nasser Azimi's ("Azimi") complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having read and considered the papers in support of and in opposition to the motion, the Court deems the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), VACATES the June 3, 2005 hearing on the matter, and rules as follows.

**BACKGROUND**

Azimi alleges he was employed by the District "to manage a project regarding software systems and implementation contracts" for the District's human resources and accounting divisions. (See Defendants' Notice of Removal Ex. 12 (First Amended Complaint ("FAC")) ¶¶ 2, 4.) According to Azimi, he discovered in the course of his work that Ackerman, the District's superintendent, was pursuing a "no public bid sole source

contract" from PeopleSoft. (See id. ¶ 4.) Azimi believed Ackerman's actions were in violation of California law "regarding public bids on government contracts" and reported the alleged violation to various city agencies, including the San Francisco City Attorney. (See id. ¶ 7.) Azimi alleges that Ackerman thereafter retaliated against him by spreading false rumors about his professional accomplishments, forging his signature on documents, and terminating his employment. (See id. ¶¶ 10-12.)

Azimi asserts two causes of action against defendants. First, Azimi alleges defendants violated California Labor Code § 1102.5 by retaliating against him for reporting a violation of law to a government agency. (See FAC ¶ 1.) Second, Azimi asserts a federal claim, pursuant to 42 U.S.C. § 1983, based on defendants' alleged deprivation of Azimi's liberty and property interests in his employment under the Fifth and Fourteenth Amendments to the United States Constitution, and defendants' alleged violation of Azimi's First Amendment right to petition the government for redress of grievances. (See id. ¶¶ 21, 25.) Azimi seeks an award of damages in excess of $400,000 for defendants' alleged violation of § 1102.5. (See id. ¶ 18.) With respect to his § 1983 claim, Azimi seeks an award of damages in excess of $400,000, plus punitive damages, attorney's fees, and injunctive relief, including reinstatement. (See id. ¶¶ 32-35.)

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner And Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Material that is properly submitted as part of the complaint, however, may be considered. See id. Documents whose contents are

alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, also may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In addition, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referred to in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Conclusory allegations, unsupported by the facts alleged, need not be accepted as true. See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

## DISCUSSION

### 1. Labor Code § 1102.5 Claim Against the District and Ackerman

Defendants move to dismiss Azimi's cause of action for violation of Labor Code § 1102.5 against Ackerman and the District on the ground that Azimi failed to file an administrative claim in compliance with the California Government Tort Claims Act ("CTCA").

Subject to certain exceptions, a plaintiff asserting a state law claim for damages against a local public entity or its current or former employees must first present a timely claim pursuant to the CTCA. See Cal. Gov. Code §§ 905, 911.2, 945.4, 950.2, 950.4. The claim must include, among other things, a general description of the injury, and the names of the public employees causing the injury. See Cal. Gov. Code § 910. "[I]t is not necessary to file a [separate] claim against an employee as long as a claim is filed with the

employing entity, identifying the employee and the basis for respondeat superior liability." See Massa v. S. Cal. Rapid Transit Dist., 43 Cal. App. 4th 1217, 1222-23 (1996). "Compliance with the claims statutes is mandatory . . . and failure to file a claim is fatal to the cause of action." City of San Jose v. Superior Court (Lands Unlimited), 12 Cal. 3d 447, 454 (1974). Failure "to allege facts demonstrating or excusing compliance with the claim presentation requirements" subjects a claim against a public entity or employee to dismissal for failure to state a cause of action. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004); see also Massa, 43 Cal. App. 4th at 1222.

In the instant case, Azimi's cause of action for violation of California Labor Code § 1102.5 is asserted against a local public entity, the District, and one of its employees, Ackerman, and seeks only money damages. (See FAC ¶ 18.) Thus, in the absence of any applicable exception to the general rule, Azimi was required to present a claim pursuant to the CTCA prior to filing suit in this Court. See Cal. Gov. Code §§ 905, 911.2, 945.4, 950.2.

Azimi, in his complaint, alleges two separate reasons as justification for his failure to file an administrative claim. (See FAC ¶¶ 16-17.) First, Azimi alleges that "[n]o claim pursuant to Gov. Code Section 910 is required for this whistleblower claim against a public employee such as Ackerman, pursuant to Gov. Code Section 950." (See FAC ¶ 16.) The California Supreme Court, however, recently has held that exhaustion of administrative remedies is required before a plaintiff may file a "whistleblower" suit under § 1102.5. See Campbell v. Regents of the University of California, 35 Cal. 4th 311, 329-33 (2005).

Second, Azimi alleges:

> Plaintiff was an exempt employee, and was thereby unable to pursue any administrative remedies with the Civil Service Commission or other administrative bodies. Plaintiff confirmed this lack of administrative remedies with discussions with the Human Resources director for the Unified School District, who advised plaintiff that he was exempt.

(See FAC ¶ 17.) The parties do not address this allegation in their memoranda. To the extent Azimi alleges he was an "exempt" employee, i.e., salaried and therefore exempt from the overtime wage laws, see e.g., Sav-On Drug Stores, Inc. v. Superior Court, 34 Cal. 4th 319, 324 (2004), and, as a consequence thereof, was not required to exhaust any

administrative remedies prior to filing suit, the Court has found no law permitting exempt employees to sidestep the requirements of the CTCA.

If, however, Azimi is alleging that a representative of the District told Azimi he was exempt from the requirements of the CTCA and did not need to file an administrative claim before filing suit, principles of estoppel may be applicable. California courts have held that "[a] public entity may be estopped from asserting noncompliance with the claims statutes where its agents or employees have deterred the filing of a timely claim by some 'affirmative act.'" See Christopher P. v. Mojave Unified School District, 19 Cal. App. 4th 165, 170 (1993). Such estoppel arises "when the plaintiff establishes by a preponderance of the evidence: (1) the public entity was apprised of the facts, (2) it intended its conduct to be acted upon, (3) plaintiff was ignorant of the true state of facts, and (4) relied upon the conduct to his detriment." See id.

As Azimi has not clearly alleged the reason for his failure to file an administrative claim, the Court will GRANT defendants' motion to dismiss Azimi's § 1102.5 claim, and afford Azimi an opportunity to amend the complaint to allege, if possible, an estoppel defense to the claims presentation requirement of the CTCA.

**2. Section 1983 Claim Against the District**

The District moves to dismiss the § 1983 claim asserted against it, on two separate grounds: (1) that it is immune from suit under the Eleventh Amendment to the United States Constitution, and (2) that it is not a "person" subject to suit under § 1983.

**a. Eleventh Amendment Immunity**

A defendant's removal of an action to federal court constitutes a waiver of Eleventh Amendment immunity as to the entire case, including both state and federal claims that are added after the case is removed. See Embury v. King, 361 F.3d 562, 565-66 (9th Cir. 2004) (discussing Lapides v. Bd. of Regents of Univ. Sys. of Ga., 545 U.S. 613 (2002).)

Accordingly, when the District removed the instant action from state court to federal court, it waived any Eleventh Amendment immunity to which it otherwise would have been entitled.

**b. "Persons" Under § 1983**

The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Likewise, state "entities that are considered 'arms of the state' for Eleventh Amendment purposes" also are not "persons" subject to suit under § 1983. See id. at 70. The Ninth Circuit has held that school districts in California are considered to be state agencies for purposes of the Eleventh Amendment. See Belanger v. Madera Unified School District, 963 F.3d 248, 251 (9th Cir. 1992). Consequently, the District is not a "person" subject to suit under § 1983, and the Court will GRANT the District's motion to dismiss the § 1983 claim, with prejudice.

**3. Section 1983 Claim Against Ackerman**

Defendants have withdrawn their motion to dismiss Azimi's § 1983 claim against Ackerman, which is asserted against her solely in her personal and individual capacity. (See Defendants' Reply at 2 n. 1.)

**CONCLUSION**

For the reasons set forth above:

1. Defendants' motion to dismiss Azimi's claim for violation of California Labor Code § 1102.5 is hereby GRANTED, and said claim is hereby DISMISSED, with leave to amend the complaint to allege, if possible, an estoppel defense to the claims presentation requirement of the CTCA.

2. Defendant's motion to dismiss Azimi's claim against the District for violation of 42 U.S.C. § 1983 is hereby GRANTED, and said claim, as asserted against the District, is DISMISSED with prejudice.

3. Defendants' motion to dismiss Azimi's § 1983 claim, as asserted against Ackerman, has been voluntarily withdrawn.

4. Azimi may file an amended complaint within twenty days of the date of this order, and may amend the complaint only to assert an estoppel defense to the claims presentation requirement of the CTCA. If Azimi wishes to amend the complaint in other

respects, he must first file a motion for leave to amend or a stipulation signed by all parties. If Azimi fails to file a timely amended complaint, his § 1102.5 claim will be dismissed with prejudice.

This order terminates Docket No. 6.

**IT IS SO ORDERED.**

Dated: June 1, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge